UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOVANNA LEARNISE WILLIAMS,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 2:25-cv-02397-DJC-CSK (SS)

FINDINGS AND RECOMMENDATIONS ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S MOTION TO REMAND

(ECF Nos. 17, 19)

Plaintiff Jovanna Learnise Williams seeks judicial review of a final decision by Defendant Commissioner of Social Security denying an application for disability insurance benefits.[1] In the summary judgment motion, Plaintiff contends the final decision of the Commissioner contains legal error and is not supported by substantial evidence. Plaintiff seeks a reversal of the ALJ's decision and remand for an award of benefits, or alternatively, a remand for further administrative proceedings. The Commissioner agrees the ALJ committed error, but moves to remand for further proceedings. Therefore, the only issue before the Court is whether to remand for benefits or remand for further proceedings.

For the reasons below, Plaintiff's motion is GRANTED IN PART, the

[1] This action was referred to the magistrate judge under Local Rule 302(c)(15) for the issuance of findings and recommendations. *See* Local Rule 304.

Commissioner's motion to remand is GRANTED, and the final decision of the Commissioner is REVERSED and REMANDED.

## I. SOCIAL SECURITY CASES: FRAMEWORK & FIVE-STEP ANALYSIS

The Social Security Act provides benefits for qualifying individuals unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(a). When an individual (the "claimant") seeks Social Security disability benefits, the process for administratively reviewing the request can consist of several stages, including: (1) an initial determination by the Social Security Administration; (2) reconsideration; (3) a hearing before an Administrative Law Judge ("ALJ"); and (4) review of the ALJ's determination by the Social Security Appeals Council. 20 C.F.R. §§ 404.900(a), 416.1400(a).

At the hearing stage, the ALJ is to hear testimony from the claimant and other witnesses, accept into evidence relevant documents, and issue a written decision based on a preponderance of the evidence in the record. 20 C.F.R. §§ 404.929, 416.1429. In evaluating a claimant's eligibility, the ALJ is to apply the following five-step analysis:

> **Step One**: Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to step two.
>
> **Step Two**: Does the claimant have a "severe" impairment? If no, the claimant is not disabled. If yes, proceed to step three.
>
> **Step Three**: Does the claimant's combination of impairments meet or equal those listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1 (the "Listings")? If yes, the claimant is disabled. If no, proceed to step four.
>
> **Step Four**: Is the claimant capable of performing past relevant work? If yes, the claimant is not disabled. If no, proceed to step five.
>
> **Step Five**: Does the claimant have the residual functional capacity to perform any other work? If yes, the claimant is not disabled. If no, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The burden of proof rests with the claimant through step four, and with the Commissioner at step five. *Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020). If the ALJ finds a claimant not disabled, and the Social Security Appeals Council declines review, the ALJ's decision becomes the final decision of the Commissioner. *Brewes v.*

*Comm'r.*, 682 F.3d 1157, 1161-62 (9th Cir. 2012) (noting the Appeals Council's denial of review is a non-final agency action). At that point, the claimant may seek judicial review of the Commissioner's final decision by a federal district court. 42 U.S.C. § 405(g).

The district court may enter a judgment affirming, modifying, or reversing the final decision of the Commissioner. *Id.* ("Sentence Four" of § 405(g)). In seeking judicial review, the plaintiff is responsible for raising points of error, and the Ninth Circuit has repeatedly admonished that the court cannot manufacture arguments for the plaintiff. *See Mata v. Colvin*, 2014 WL 5472784, at *4 (E.D. Cal, Oct. 28, 2014) (citing *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (stating that the court should "review only issues which are argued specifically and distinctly," and noting a party who fails to raise and explain a claim of error waives it).

A district court may reverse the Commissioner's denial of benefits only if the ALJ's decision contains legal error or is unsupported by substantial evidence. *Ford*, 950 F.3d. at 1154. Substantial evidence is "more than a mere scintilla" but "less than a preponderance," i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citations omitted). The court reviews evidence in the record that both supports and detracts from the ALJ's conclusion, but may not affirm on a ground upon which the ALJ did not rely. *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018). The ALJ is responsible for resolving issues of credibility, conflicts in testimony, and ambiguities in the record. *Ford*, 950 F.3d at 1154. The ALJ's decision must be upheld where the evidence is susceptible to more than one rational interpretation, or where any error is harmless. *Id.*

## II. FACTUAL BACKGROUND AND ALJ'S FIVE-STEP ANALYSIS

On November 24, 2022, Plaintiff Jovanna Learnise Williams filed an application for disability insurance benefits, with an alleged onset date of June 30, 2022. Administrative Transcript ("AT") 176-77. Plaintiff alleged she suffered from a back injury, depression, hip pain, and anxiety. AT 205. Plaintiff's applications were denied initially and upon reconsideration, and she sought review before an administrative law judge

("ALJ"). AT 102, 109, 112. A hearing was held on May 23, 2024. AT 29. Plaintiff appeared by telephone with counsel, where she testified about her impairments and a vocational expert ("VE") testified about hypothetical available jobs in the national economy. AT 32-62.

On September 4, 2024, the ALJ issued an opinion finding Plaintiff not disabled. AT 14-24. At step one, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since June 30, 2022, the alleged onset date. AT 19.

At step two, the ALJ found that Plaintiff suffered from the following medically-determinable impairments: hearing loss with use of bilateral hearing aids, facet atrophy with low back pain, osteoarthritis of the right thumb, atherosclerosis of the aorta, anxiety disorder, and depressive disorder. AT 19-20. However, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that has significantly limited the ability to do basic work-related activities for 12 consecutive months; therefore, she did not suffer from a severe work impairment. AT 20-23. In evaluating the severity of Plaintiff's impairments under step two, the ALJ found that Plaintiff's hearing testimony was inconsistent with the medical record. AT 21. Additionally, the ALJ examined Plaintiff's mental impairments according to the "Paragraph B" criteria.[2] Accordingly, the ALJ concluded that Plaintiff had no limitation in understanding, remembering, or applying information, and mild limitations in interacting with others, concentrating, persisting, or maintaining pace, and in adapting and managing oneself. AT 22.

Evaluating the opinion evidence on Plaintiff's mental limitations, the ALJ found the medical opinion testimonies of state psychiatrists Michael D'Adamo, Ph.D., and George Stern, Ph.D., to be persuasive. AT 23 (citing AT 63-79, 81-91). Both experts opined

---

[2] "Paragraph B" lists four categories for evaluating how a claimant's mental disorders limit their functioning: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. To be found disabled under the Paragraph B categories, the mental disorder must result in an "extreme" limitation of one, or "marked" limitation of two, of the four areas of mental functioning. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00 Mental Disorders, sub. A.2.b.

Plaintiff's mental impairments were nonsevere. *Id*. The ALJ found these to be supported by the records reviewed by the state doctors and consistent with Plaintiff's hearing testimony which showed Plaintiff frequented public activities such as church services. *Id*. (citing AT 373, 504, 29-62).

Conversely, the ALJ found a report by Maggie Nogaye, LCSW, to not be an accepted medical source, which the ALJ stated was not required to evaluate or assign persuasiveness. AT 23 (citing AT 803-04).

Evaluating the opinion evidence on Plaintiff's physical limitations, the ALJ found the opinions of state physicians A. Pan, M.D., S. Amolik, M.D., and of Plaintiff's cousin, lay witness Cathy Birdsong, to be unpersuasive. AT 23 (citing AT 63-79, 81-91, 213-21, 267-28). The state physicians and Plaintiff's cousin opined that Plaintiff has difficulty lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, and climbing. *Id*. (citing AT 213-21, 267-78). While the ALJ concluded that these opinions were consistent with Plaintiff's allegations, they were not consistent with the overall record, which contained normal findings regarding Plaintiff's strength, range of motion, sensation, and gait. *Id*. (citing AT 330, 341, 346; 478-79, 504). Further, the ALJ concluded the state physicians' opinions were not consistent with the overall record, which contained normal findings regarding Plaintiff's heart rate, rhythm, and heart sounds. *Id*. (citing AT 1572). The ALJ separately concluded that Plaintiff's cousin's opinion testimony need not be evaluated but was considered in formulating the ALJ's opinion. *Id*. Thus, the ALJ concluded Plaintiff was not disabled. AT 24.

On July 1, 2025, the Appeals Council denied Plaintiff's appeal. AT 1-3. Plaintiff filed this action requesting judicial review of the Commissioner's final ruling, and the parties filed cross motions for summary judgment. (ECF Nos. 1, 17, 19.)

**III. ISSUES PRESENTED FOR REVIEW**

Plaintiff argues the ALJ erred because: (1) the state physicians' medical opinion testimonies were improperly discounted; (2) Plaintiff's lack of past relevant work, coupled with the improperly discounted opinions of the state physicians, mandates a finding of

disability; (3) Plaintiff's subjective symptom testimony was improperly discounted; and (4) the lay witness' testimonies were not properly evaluated. Pl. Mot. at 4-12 (ECF No. 17). The Commissioner concedes that the ALJ erred in evaluating Plaintiff's subjective symptom testimony, but the proper remedy is a remand for further proceedings, as the record shows serious doubt that Plaintiff is actually disabled. Def. Mot. at 1-7 (ECF No. 19). Therefore, the only issue before the Court is whether to remand for benefits or remand for further proceedings.

## IV. DISCUSSION

### A. Remand for Benefits or Remand for Further Proceedings

#### 1. Legal Standards

With error established, the court has the discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021; *see also Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); *Treichler,* 775 F.3d, at 1105 ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

/ / /

2. Analysis

Plaintiff moves to remand for an award of benefits due to the ALJ's error in discounting her subjective symptom testimony because if accepted as true, her statements would result in a finding of disability. Pl. Mot. at 10. Conversely, Defendant argues that while the ALJ erred in the evaluation of Plaintiff's testimony, a remand for further proceedings is more appropriate because outstanding issues remain and the record as a whole creates serious doubt as to whether Plaintiff was disabled throughout the relevant period. Def. Mot. at 1-7.

The Court finds that the first prong of the credit-as-true test fails because the record has not been fully developed and outstanding issues remain before a final determination due to the ALJ's error in evaluating Plaintiff's subjective symptom testimony. *See K.I. v. Kijakazi*, 2022 WL 1320627, at *9 (N.D. Cal. May 3, 2022) (finding the record was not fully developed after concluding the ALJ erred in evaluating the plaintiff's subjective symptom testimony); *see Jenett S. v. Kijakazi*, 2023 WL 3082332, at *8 (N.D. Cal. Apr. 25, 2023) (finding remand for further proceedings was necessary for similar reasons). Further, the Court finds the third prong is not satisfied because conflicting facts within the record make it unclear whether the ALJ would be required to find Plaintiff disabled were her subjective symptom testimony properly credited. *See K.I.*, 2022 WL 1320627, at *9. For example, despite Plaintiff alleging in her hearing testimony a "slow taper" of weekly walking habits due to physical pain beginning before the onset date, leaving her only able to walk a few blocks at a time for recreation, a self-reported questionnaire dated February 20, 2024 states Plaintiff takes a "brisk walk" four days a week for sixty minutes at a time. AT 50-51, 1616. The Court finds these records create significant factual conflict and recommends granting remand for further proceedings. *See Brown-Hunter v. Colvin*, 806 F. 3d 487, 496 (9th Cir. 2015) (granting remand for finding factual conflict between the administrative record and the plaintiff's subjective symptom testimony).

On remand, the ALJ is free to develop the record as needed but must sufficiently

analyze Plaintiff's subjective symptom testimony. The Court expresses no opinion regarding how the evidence should ultimately be weighed, and any ambiguities or inconsistencies resolved on remand. The Court also does not instruct the ALJ to credit any particular opinion or testimony. The ALJ may ultimately find Plaintiff disabled during the entirety of the relevant period; may find Plaintiff eligible for some type of closed period of disability benefits; or may find that Plaintiff was never disabled during the relevant period, provided that the ALJ's determination complies with applicable legal standards and is supported by the record as a whole.

## V. CONCLUSION

Accordingly, the Court RECOMMENDS:

1. Plaintiff's motion for summary judgment (ECF No. 17) be GRANTED IN PART;
2. The Commissioner's motion to remand (ECF No. 19) be GRANTED;
3. The final decision of the Commissioner be REVERSED and REMANDED; and
4. The Clerk of the Court is directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: November 12, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, will.2397.25.ss.msj.cjra